## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

ASHTON GROVE, L.C.,       )
                                 )
      Plaintiff,          )
                                 )
vs.                             )   Case No.  CIV-09-0467-F
                                 )
CITY OF NORMAN, a municipal )
corporation,                 )
                                 )
      Defendant.      )

### <u>ORDER</u>

In this action plaintiff, Ashton Grove, L.C., alleges takings claims against the defendant, the City of Norman ("the city"), under the United States Constitution and the Oklahoma Constitution.  The city moves to dismiss the federal takings claim on the ground that the controversy is not ripe.  The city moves to dismiss the state takings claim for failure to state a claim.  (Motion at doc. no. 6.)  The briefing is complete and the motion is ready to be determined.

<u>Procedural Background and Allegations</u>

This action was removed to this court after the takings claims that comprise this action were severed from the state court action.  As originally alleged by Ashton Grove, L.C. in its cross-claim against the city in state court, plaintiff's takings claims are based on the following allegations.[1]

Plaintiff applied to the city for a zoning change to allow a planned unit development.  Prior to approving the zoning change, the city required plaintiff to

_____

[1]*See*, Supplement to Notice of Removal, doc. no. 4, ¶¶ 204-208, the "taking claim."

construct a sewer lift station that would support the development, which plaintiff was told would support the development as well as five hundred additional homes. Plaintiff alleges that the city now claims the lift station was dedicated to the city. Plaintiff alleges that to the extent the city seeks ownership of the lift station built and owed by plaintiff, this constitutes a taking of plaintiff's property requiring payment of just compensation. Plaintiff alleges that if the court finds the lift station was dedicated to the city, then the dedication was based on misleading statements by the city and that such dedication constitutes a taking of plaintiff's property. Plaintiff alleges that the city has granted access to the lift station to landowners and developers other than those originally contemplated by the city. Plaintiff asserts that this also constitutes a taking of property, requiring payment of just compensation. Plaintiff seeks a judgment against the city for the value of the property taken for public use.

Ripeness of the Federal Takings Claim

Defendant argues that plaintiff's federal takings claim is unripe because a federal takings claim must be exhausted in state court before it may be brought in federal court.

Because ripeness is jurisdictional, plaintiff bears the burden of showing a takings claim is ripe for adjudication. Signature Properties International Ltd. Partnership v. City of Edmond, 310 F.3d 1258, 1265 (10th Cir. 2002). Bateman v. City of West Bountiful, 89 F.3d 704 (10th Cir. 1996), which involved a takings claim, states the following standards for considering ripeness.

> The issue whether a claim is ripe for review bears on the court's subject matter jurisdiction under Article III of the Constitution. New Mexicans for Bill Richardson v. Gonzales, 64 F.3d 1495, 1498-99 (10th Cir.1995). Accordingly, a ripeness challenge, like most other challenges to a court's subject matter jurisdiction, is treated as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). *Id.* at 1499. Ripeness is a question of law, which we examine de novo. Powder River Basin

> Resource Council v. Babbitt, 54 F.3d 1477, 1483 (10th Cir.1995). The ripeness inquiry requires the court to evaluate "the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." Abbott Labs. v. Gardner, 387 U.S. 136, 149, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681 (1967). Because neither of these factors support the exercise of jurisdiction over Bateman's claim, we affirm the district court's order dismissing the complaint without prejudice.

Bateman, 89 F.3d at 706.

Bateman relied on Williamson Planning Commission v. Hamilton Bank, 473 U.S. 172 (1985), to find that plaintiff's failure to seek review of the city's action under procedures authorized by Utah state law rendered plaintiff's takings claim unripe. *Id.* In Williamson, the Supreme Court held that a jury verdict awarding damages for a temporary taking of property was premature. The Court observed that under Tennessee law, a property owner may bring an inverse condemnation action to obtain just compensation for an alleged taking of property in certain circumstances. Williamson, 473 U.S. 172, 196. The Court noted that Tennessee courts had interpreted Tennessee statutes as allowing recovery through inverse condemnation where the taking was effected by restrictive zoning laws or development regulations. *Id.* Williamson stated that "plaintiff had not shown that the inverse condemnation procedure is unavailable or inadequate, and [that] until [plaintiff] has utilized that procedure, its taking claim is premature." *Id.* at 196-97. Williamson explained that "the Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation." *Id.* at 194.

Plaintiff argues this action is ripe because no state inverse condemnation procedures are available here. Plaintiff recognizes, however, that the Oklahoma Supreme Court has identified two kinds of condemnation proceedings in Oklahoma, one of which is a reverse (or inverse) condemnation proceeding. *See*, Drabek v. City of Norman, 946 P.2d 658, 660 (Okla. 1996). Drabek discusses an inverse

condemnation proceeding as authorized by 66 O.S. 2001, § 57.  *Id*. at 660.[2]
Furthermore, <u>Mattoon v. City of Norman</u>, 617 P.2d 1347 (Okla. 1980), reiterates the
Oklahoma rule that:  "If there is an overt act by the governmental agency resulting in
an assertion of dominion and control over the property, there can be an actual or de
facto 'taking.'"  <u>Mattoon v. City of Norman</u>, 617 P.2d 1347, 1349 (Okla. 1980),
citation omitted.  This action alleges overt acts by the city resulting in the city's
assertion of dominion and control over plaintiff's property.

Plaintiff also argues that Oklahoma inverse condemnation proceedings "will not
work" for plaintiff.  (Doc. no. 12, p. 5.)  Plaintiff points out that defendant argues (in
the failure to state a claim portion of defendants' brief) that a claim for relief cannot
be stated under state law.  There have been no adjudications regarding the validity of
the parties' respective positions concerning any state law proceedings, however.  At
this point, plaintiff's arguments are hypothetical.

No showing has been made that inverse condemnation proceedings are
unavailable or inadequate as a matter of law.  There are no allegations that plaintiff
has used inverse condemnation proceedings.  There are no allegations that despite an
attempt to use Oklahoma's inverse condemnation proceedings, plaintiff has been
denied just compensation.  Under <u>Williamson</u>, the federal takings claim is premature
and it will be dismissed.[3]

---

[2]Section 57 provides that "in case any corporation or municipality authorized
to exercise the right of eminent domain shall have taken and occupied, for purposes
for which it might have resorted to condemnation proceedings, as provided in this
article, any land, without having purchased or condemned the same, the damage
thereby inflicted upon the owner of such land shall be determined in the manner
provided in this article for condemnation proceedings."

[3]Leave to amend would be futile and is not given because it appears from
plaintiff's briefing that plaintiff has not, in fact, brought inverse condemnation
(continued...)

State Law Takings Claim

The above determination leaves the state law takings claim as the only claim alleged in this action.[4]  Judicial economy, fairness, convenience, and comity are all considerations which guide a district court's decision regarding whether to defer to a state court or retain and dispose of state law claims.  United Mine Workers v. Gibbs, 383 U.S. 715, 726-27 (1966).  The Tenth Circuit has held that when federal claims are resolved before trial, the district court should usually decline to exercise jurisdiction over the remaining state law claims and allow the plaintiff to pursue them in state court.  *See*, Smith v. City of Enid by and through Enid City Commission, 149 F.3d 1151, 1156 (10th Cir. 1998); Ball v. Renner, 54 F.3d 664, 669 (10th Cir. 1995).  The state law takings claim that is alleged in this action is better suited to resolution in state court.  Having disposed of the federal takings claim prior to trial, and finding no consideration which causes the court to retain jurisdiction over the state law takings claim, the court, in its discretion, declines to exercise supplemental jurisdiction over

---

[3](...continued) proceedings or been denied just compensation in any such inverse condemnation proceedings.  If this is factually incorrect, plaintiff may bring the contrary facts to the attention of the court  in a short notice to be filed within two business days of the date of this order.  In that event, the court will reconsider whether leave to amend should be given and whether the state takings claims should be remanded.

[4]Plaintiff's brief states that allegations concerning misrepresentations were intended as an alternative theory of recovery.  A fair reading of the allegations, however, discloses only takings claims.  Regardless, any misrepresentation claims are state law claims subject to the same supplemental jurisdiction analysis as plaintiff's state law takings claims.

the state law takings claim.  *See*, 28 U.S.C. § 1367(c).  The state law takings claim will be remanded.[5]

Conclusion

After careful consideration, defendant's motion to dismiss is **GRANTED** to the extent that the federal takings claim is **DISMISSED** without prejudice under Rule 12(b)(1), Fed. R. Civ. P.  The takings claim alleged under the Oklahoma Constitution is **REMANDED** to the District Court of Cleveland County, the court from which this action was removed.

Dated this 22nd day of July, 2009.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0467p004pub rev .wpd

---

[5]Remand will be delayed until after any matters raised by any notice that might be filed pursuant to n.3, *supra*, are determined.